[L. A. No. 15251. In Bank.—November 26, 1935.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation) et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and ALBERT WELLS, Respondents.

F. Britton McConnell and W. H. Abrams for Petitioners.

Everett A. Corten for Respondents.

LANGDON, J.—This is a petition to review an award of the Industrial Accident Commission. The employee, Wells, was a carpenter. He had a latent inactive pulmonary tuberculosis which exhibited no symptoms. On May 30, 1933, while in the course of his employment, he inhaled escaping ammonia fumes, which caused a coughing attack. He went home for the rest of that day, but worked the following day. The next day, June 1, 1933, he again inhaled ammonia vapors and suffered another coughing spell. Thereafter he received medical treatment for ''severe bronchitis and small hemorrhage''. He was bedridden for a week, and disabled for several weeks.

Wells then entered into negotiations with the insurance carrier of his employer, resulting in a compromise and release of claims, in consideration of the sum of $155.61, plus a smaller sum in payment of the doctor's bill and medicines used. The Industrial Accident Commission approved the agreement on July 27, 1933.

Thereafter Wells continued to work for various employers as a carpenter until June 30, 1934, when his lung difficulties made it impossible to continue. On July 3, 1934, he filed application with the commission for adjustment of claim, alleging injury (inhaling of ammonia fumes) on June 1, 1933. The commission made an award for disability beginning June 30, 1934, and continuing indefinitely; and it also found that the claim was not barred by the statute of limitations.

The award of the commission rests solely upon a single sentence in the compromise and release agreement, reading: ''The date of injury was May 30, 1933.'' The commission's theory is that Wells received two separate injuries, in each case the inhalation of ammonia fumes, one on May 30, 1933, and another on June 1, 1933; that the injury of May 30, 1933, was compromised as above stated; that the injury of June 1, 1933, culminated in disability June 30, 1934; and that the filing of claim a few days later, though more than a year

after the date of injury, was within six months of the commencement of disability, and therefore timely. (See *Marsh* v. *Industrial Acc. Com.*, 217 Cal. 339 [18 Pac. (2d) 933, 86 A. L. R. 563].)

We are unable to agree with the commission's conclusion. The mention of the date of May 30, 1933, in the compromise agreement, cannot establish, contrary to the facts, two separate and distinct injuries, resulting in two separate and distinct periods of disability. Within three days the employee twice inhaled ammonia fumes, and was treated for several weeks thereafter. How can it be said that the inhalations on the first day caused the immediately following first disability, while those on the third day were not felt until a year later? The medical testimony indicated that both injuries contributed to the disability which followed them, and the claim for this disability was compromised and released. Moreover, the disability of several weeks' duration, following the last inhalation, gave the employee notice of a compensable injury, and under the decision in *Marsh* v. *Industrial Acc. Com.*, *supra*, the statute of limitations commenced to run at that time, and constitutes a bar to the present claim.

The award is annulled.

Conrey, J., Curtis, J., Thompson, J., Shenk, J., and Waste, C. J., concurred.